THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ROBERTO COLÓN, Defendant and Appellant.

No. 8839.   Argued July 14, 1941.—Decided July 23, 1941.

*Román Díaz Collazo* for appellant.  *Emilio de Aldrey, Acting Attorney General, Eulogio Riera, Deputy Assistant Attorney,* and *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Sixteen accusations were filed against Roberto Colón on appeal to the District Court of San Juan, for violations of the Internal Revenue Act.  After the trials had been set the same were continued several times, and then the defendant, on the ground that he had entered into a compromise with the Treasurer of Puerto Rico whereby said violations were administratively corrected, requested, with the consent of the Treasurer, that the prosecutions be dismissed.  The dis-

-trict attorney agreed and such dismissal was ordered subject to the payment of costs.

The said costs not having been paid, the court ordered that payment be demanded from the defendant, which was done. Thereupon he paid the costs "under the most solemn and formal protest," as alleged by him, and then moved the court for their return.

The motion was considered by the court which by a decision of April 14, 1941, denied the same. The present appeal has been taken from that decision.

██ There is nothing in the record to show that the defendant objected when the dismissal was ordered on March 18, 1941, "subject to the payment of costs," as stated in the record. He objected when payment was demanded from him, and he paid "under protest" and then moved the court for the return thereof on March 31, 1941.

This is not the case of a tax that may be paid under protest in order to claim afterwards its return in accordance with the special laws on the matter. The instant case deals with costs in criminal prosecutions which were dismissed pursuant to an order whereby the payment of costs was imposed as a condition precedent to such dismissal.

We think that once the defendant, with or without protest, paid the costs, the cases were closed. The condition precedent was fulfilled and the dismissal as decreed was effective in every respect. So that the claim for the return of the costs, filed in the district court was not proper, and still less the appeal taken to this Supreme Court.

But even assuming that it were our duty to go into the merits of the appellant's contention, we would always have to conclude that his claim is groundless.

He maintains that his case is governed by the Act of March 9, 1911, p. 67, and by Section 271 of the Code of Criminal Procedure, which respectively provide that whenever a *judgment of conviction is rendered* by any court against a defendant in a criminal case, *the costs incurred in*

*the case shall be imposed* against such defendant as a part of the sentence, and that *the costs shall be taxed when a judgment of guilty is entered;* and as no judgment of conviction was rendered against him, the court had no authority under the law to impose the costs on him.

However, the law invoked by the appellant is not the one applicable herein. His case is governed by Section 446 of the Code of Criminal Procedure, which says:

"If the party injured appears before the court to which the depositions are required to be returned, at any time before trial, and acknowledges that he has received satisfaction for the injury, the court may, in its discretion, *on payment of the costs incurred* order all proceedings to be stayed upon the prosecution, and the defendant to be discharged therefrom; but in such case the reasons for the order must be set forth therein, and entered on the minutes. The order is a bar to another prosecution for the same offense." (Italics ours.)

It is true that the dismissal was ordered in the above cases on motion of the defendant, but the court did not take action until it heard the testimony of Francisco Serrano, Assistant Chief of the Bureau of General Excise Taxes of the Department of Finance, who stated the facts showing the settlement reached by the defendant and the Department of Finance, whereby the latter considered itself satisfied; and it imposed the costs in accordance with the express mandate of the law.

It is quite understandable that it should be so. The Treasurer was authorized by law to do what he did. The defendant, on payment of the amount due by him, received the benefit of avoiding criminal proceedings, but such proceedings had already commenced due to his fault when the compromise was effected, costs having been incurred whose payment should justly be imposed on the defendant and not on the People.

Viewing this case from any aspect, a dismissal of the appeal lies.